**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7440**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JOSAND FARMER, a/k/a Johan Farmer,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:10-cr-00271-FL-3; 5:12-cv-00725-FL)

Submitted:  January 27, 2016          Decided:  February 25, 2016

Before KING, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Josand Farmer, Appellant Pro Se.  Jennifer E. Wells, Seth Morgan Wood, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Josand Farmer appeals the district court's order dismissing his Fed. R. Civ. P. 60(b) motion[1] and denying his motions to take judicial notice of adjudicative facts.

We have reviewed the record and conclude that Farmer's Rule 60(b) motion was not a true Rule 60(b) motion, but was in substance a successive § 2255 motion. See United States v. McRae, 793 F.3d 392, 399–400 (4th Cir. 2015); see also Gonzalez v. Crosby, 545 U.S. 524, 531–33 (2005) (explaining how to differentiate a true Rule 60(b) motion from an unauthorized successive habeas motion). Farmer is therefore not required to obtain a certificate of appealability to appeal the district court's dismissal. See McRae, 793 F.3d at 400. In the absence of prefiling authorization from this court, however, the district court lacked jurisdiction to hear Farmer's successive § 2255 motion. See 28 U.S.C. § 2244(b)(3) (2012); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

---

[1] Farmer filed a self-styled motion to dismiss indictment and void judgment for lack of subject matter jurisdiction pursuant to Fed. R. Crim. P. 12(b) and Fed. R. Civ. P. 60(b)(4), (6) that the district court construed as a Rule 60(b) motion and denied as without merit and as a successive 28 U.S.C. § 2255 (2012) motion. We treat the district court's denial of this motion as a dismissal because that court could not properly rule on the merits of Farmer's successive claims.

2

Additionally, we construe Farmer's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. <u>Winestock</u>, 340 F.3d at 208. In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Farmer's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

With respect to the district court's denial of Farmer's motions to take judicial notice of adjudicative facts, we have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. <u>United States v. Farmer</u>, No. 5:10-cr-00271-FL-3 (E.D.N.C. Aug. 31, 2015).[2]

We thus affirm the district court's order. We dispense with oral argument because the facts and legal contentions are

---

[2] We also reject as without merit Farmer's appellate challenge to the district court's failure to recuse itself. <u>See</u> <u>United States v. Cherry</u>, 330 F.3d 658, 665 (4th Cir. 2003).

adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED